# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN K. PEIFFER,<br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner<br>of the Social Security Administration,<br>    Defendant. | CIVIL ACTION<br>No. 13-6678 |

FILED
NOV 1 0 2015
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## ORDER

**AND NOW**, this 10th day of November 2015, upon careful and independent consideration of Plaintiff's Motion for Summary Judgment [Doc. No. 10], Defendant's Response [Doc. No. 11], the administrative record, and the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey [Doc. No. 15], to which there were no objections, the Court finds that the administrative record does not contain substantial evidence to support the ALJ's findings of fact and conclusions of law.[1]

Accordingly, it is hereby **ORDERED** that the Report and Recommendation [Doc. No. 15] is **APPROVED** and **ADOPTED**. Plaintiff's request for remand is **GRANTED**, and this matter is **REMANDED** to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendation.

It is so **ORDERED**.

BY THE COURT:

_/s/ Cynthia M. Rufe_
CYNTHIA M. RUFE, J.

---

[1] The Court shares the concerns, ably explained in the well-reasoned and thorough R & R, regarding the extent to which the vocational expert ("VE") properly considered Plaintiff's functional limitations and residual functional capacity as determined by the ALJ. Specifically, it is not clear that the VE addressed the unusual time limitations on Plaintiff's ability to sit, stand, and walk, or his inability to stoop at all. Furthermore, the ALJ did not elicit clarifying VE testimony to explore inconsistencies between the VE's testimony and the Dictionary of Occupational Titles. Because the ALJ's opinion relied upon the VE's testimony, the Court finds the ALJ's findings of fact and conclusions of law were not sufficiently supported by evidence.